UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X    C/M

ROSEMARIE GRAHAM,

               Petitioner,                         **ORDER**

  -against-                                         09-CV-5586 (BMC)

UNITED STATES OF AMERICA,

               Respondent.
----------------------------------------------------------X

**COGAN**, District Judge:

Petitioner Rosemarie Graham, appearing *pro se*, moves to modify a sentence imposed by the Court under docket number 07-CR-22-01(BMC). The motion is properly construed as an application pursuant to 28 U.S.C. § 2255. Section 2255 provides that a defendant may collaterally attack her sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Petitioner Graham seeks to collaterally attack her sentence in light of the Supreme Court's recent ruling in Flores-Figueroa v. United States, 129 S. Ct. 1886, 173 L. Ed. 2d 853 (2009).

The Court would normally treat the instant application as a motion under § 2255. However, the Second Circuit has cautioned the district court against converting mislabeled applications in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") § 106, 28 U.S.C. § 2244, which prohibits second or successive applications for the writ without the Circuit Court's permission. Adams v. United States, 155 F.3d 582 (2d Cir. 1998) (per curiam).

1

The Second Circuit ruled that "a motion purportedly made under some other rule" should not be

> recharacterize[d] ... as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

Adams, 155 F.3d at 584; accord Castro v. United States, 540 U.S. 375, 383 (2003) (setting forth limitations on recharacterization of a first § 2255 motion).

Accordingly, petitioner is hereby notified that the Court finds that the instant motion, notwithstanding its designation, should be construed as a motion under 28 U.S.C. § 2255. This recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions.[1]

Petitioner may withdraw the petition if she does not wish to pursue relief under § 2255 or she may amend the motion so that it contains all the § 2255 claims she wants the Court to review. Should petitioner choose to withdraw the petition or amend the petition, she must notify the Court in writing within 30 days. Before petitioner decides to withdraw the instant petition, the Court advises her that any motion under § 2255 must be filed within the one-year statute of

---

[1] A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

limitation period set forth below.[2]

No answer shall be required at this time and all further proceedings shall be stayed for 21 days from the date of the instant Order. If petitioner fails to notify the Court within 21 days that she wishes to withdraw this petition, it shall be adjudicated as a motion under § 2255.

The Clerk of the Court is directed to mail a copy of this Order to plaintiff *pro se*.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
December 30, 2009

---

[2] A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).