UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
ROSEMARIE GRAHAM,

            Petitioner,

-against-

UNITED STATES OF AMERICA,

            Respondent.
----------------------------------------------X

**MEMORANDUM**
**DECISION & ORDER**

09 Civ. 5586 (BMC)

**COGAN**, District Judge.

Before the Court is petitioner's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (2006). For the reasons that follow, the petition is **DENIED** and the case is dismissed.

## BACKGROUND[1]

During a routine screening as she was attempting to board a plane bound for Jamaica at John F. Kennedy Airport, petitioner presented a passport to agents of the State Department with the name "Mary Frances Pimble." It had petitioner's own photograph and date of birth. The agents soon realized the petitioner was not, in fact, Mary Frances Pimble and arrested her. At the time of her arrest, petitioner admitted that her real name was Rosemarie Graham. She explained that Mary Frances Pimble was a woman with similar physical characteristics whom she had met while visiting a doctor's office. She managed to obtain Ms. Pimble's birth certificate in order to fraudulently obtain a passport.

---

[1] The facts are drawn largely from petitioner's Presentence Investigation Report ("PSR"). Neither the petitioner nor her counsel objected to this aspect of the PSR's factual findings at sentencing and they were adopted by the Court as its findings of fact for the purposes of sentencing.

1

In April 2007, petitioner pled guilty to a two-count indictment that charged her with passport fraud and identify theft in violation of 18 U.S.C. § 1543 (2006) and 18 U.S.C. § 1028A (2006). Petitioner was sentenced to 48 months imprisonment; 24 on Count One (passport fraud) and 24 on Count Two (identity theft), and three years probation. Judgment was entered on February 25, 2008.

Sometime later, on September 28, 2009, petitioner filed a motion pursuant to 18 U.S.C. § 3582(c) (2006) and Rule 60(b)(6) requesting that the Court modify its Order of Judgment in light of the Supreme Court's decision in Flores-Figueroa v. United States, 129 S. Ct. 1886, 173 L.Ed 2d 853 (2009). Notwithstanding its designation, the Court construed petitioner's motion to modify her sentence as a § 2255 petition collaterally attacking her sentence for aggravated identity theft based on a retroactive Supreme Court decision.[2] Before it recharacterized the motion, however, the Court provided notice to the defendant and warned her that the Court's construction of the motion as a § 2255 petition meant that "any subsequent § 2255 motion [would] be subject to the restrictions on 'second or successive' motions." See United States v. Castro, 540 U.S. 375, 383, 124 S. Ct. 786, 787 (2003). The Court gave petitioner 21 days to withdraw the motion or amend it so that it would contain all the § 2255 provisions she believed she had. Petitioner did not respond. Having received no response, the Court construed the application as a petition pursuant to 28 U.S.C. § 2255, directed the United States Attorney to

---

[2] Although defendant filed her motion pursuant to 18 U.S.C. § 3582(c), it is clear upon reading the language of the statute that this provision does not provide the relief she is seeking. Section 3582(c)(2) states that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 994(o), the Court may reduce the term of imprisonment after reconsidering the 18 U.S.C. § 3553(a) factors provided such reduction is consistent with the policy statements set forth by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The provision clearly is inapplicable.

Similarly inapplicable is petitioner's citation to Rule 60(b), which states that "[a] failure to afford a victim any right described in this rules is not grounds for a new trial." Plainly, Rule 60(b) does not provide the relief petitioner seeks or apply to the situation here.

2

show cause within 60 days why a writ of habeas corpus should not be issued, and afforded petitioner an opportunity to reply. To date, petitioner has not filed a reply.

## LEGAL STANDARD

A. Standards Applicable to a Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 (2006) allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See Hill v. United States, 368 U.S. 424, 426-27, 82 S. Ct. 468, 470 (1962). "The Court's discretion to grant relief under section 2255 is to be exercised sparingly, for such applications 'are in tension with society's strong interest in the finality of criminal convictions.'" Francis v. United States, No. 02 CV 0468, 2010 WL 1260158, at *3 (E.D.N.Y. March 31, 2010) (quoting Elize v. United States, No. 02 CV 1350, 2008 WL 4425286, at *5 (E.D.N.Y. Sept. 30, 2008). Therefore, section 2255, generally, may not be used to challenge the legality of matters that were not first raised on direct appeal. Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007); Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993) (section 2255 "may not be used as a substitute for a direct appeal."). Where a defendant has procedurally defaulted on a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can demonstrate (1) cause for failing to raise the issue on direct appeal and actual prejudice resulting therefrom; or (2) that he is actually innocent. Fountain v. United States, 357 F.3d 250, 254 (2d Cir. 2004) (citing Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 1611 (1998)).

Cause "must be something external to the petitioner, something that cannot be fairly attributed to him." Marone, 10 F.3d at 67. A change in substantive law usually does not constitute "cause" to overcome procedural default. See Bousley, 523 U.S. at 621. To demonstrate cause based on a new decision decided after petitioner's conviction or sentence, the petitioner must show that the procedurally defaulted claim "is so novel that its legal basis was not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16, 104 S. Ct. 2901, 2910 (1984). A procedural default will not be excused simply on the ground that petitioner's legal argument was "unacceptable to that particular court at that particular time." Id. (quoting Engle v. Isaac, 456 U.S. 107, 130 n. 35, 102 Ct. 1558, 1573 n. 35 (1982). If the claim had been "percolating" in other courts, then the claim was available to counsel and the "mere fact that counsel failed to recognize the basis for the claim, or failed to raise the claim despite recognizing it, does not constitute cause." Murray v. Carrier, 477 U.S. 478, 486, 106 S. Ct. 2639, 2644 (1986).[3]

"Actual innocence means factual innocence, not mere legal insufficiency." De Jesus v. United States, 161 F.3d 99, 104 (2d Cir. 1998) (internal citation omitted). A petitioner asserting actual innocence must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Id. The government is entitled to rebut a claim of actual innocence by presenting any admissible evidence of the petitioner's guilt, even if that evidence was not presented during the petitioner's plea. Bousley, 523 U.S. at 623.

---

[3] Neither of the two submissions filed by the government challenge the timeliness of the petition. Since timeliness is an affirmative defense, it is waived and therefore not addressed here. See Schwamborn v. United States, 492 F. Supp. 2d 155, 166 (E.D.N.Y. 2007) ("Because the government failed to raise the issue of timeliness in its memorandum of law in opposition to [petitioner's] [§ 2255] motion, this affirmative defense must be deemed waived pursuant to *Federal Rule of Civil Procedure* 8(c)."); see also Koropelnicki v. Siegel, 290 F.3d 118, 130 n. 7 (2d Cir. 2002) ("The statute of limitations is an affirmative defense that is waived if not raised. As a result, we have held that a district court ordinary should not raise a statute of limitation defense *sua sponte*.") (internal citation omitted).

B. Application

Petitioner did not appeal her sentence and has therefore procedurally defaulted. Despite this, she points to the ruling in Flores-Figueroa to challenge the legal validity of her conviction. In Flores-Figueroa, the Court ruled that to be convicted of aggravated identity theft under 18 U.S.C. § 1028A(a)(1), the government must prove that the defendant knew that the "means of identification" belonged to "another person." 129 S. Ct. at 1894. Graham argues that because she did not know that the identity she stole belonged to an actual person and because the government indicated at sentencing "that the person did not know me as I did not know them," her sentence should be vacated. Graham is wrong, both factually and legally.[4] She has not established cause for failing to raise her claim on direct appeal and her claims of actual innocence are belied by the record evidence.

*1. Cause and Prejudice*

At the time of petitioner's plea in April of 2007, there were several decisions "percolating" in the federal courts, including the Courts of Appeals, discussing the knowledge requirement for aggravated identity theft. See United States v. Montejo, 442 F.3d 213 (4th Cir. 2006) (ruling that the government need not prove that defendant had knowledge that the means of identification unlawfully possessed belonged to another person); United States v. Hines, 472 F.3d 1038, 1039 (8th Cir. 2007) (accepting that § 1028A(a)(1) is satisfied by proof that defendant knew the identification was fraudulent). Indeed, several district courts squarely addressed the issue in Flores-Figueroa. See United States v. Beachem, 399 F. Supp. 2d 1156, 1158 (W.D. Wash. 2005) ("[t]he Court finds that 'knowingly' applies to 'another person' as both

---

[4] Before this Court the government argued that, indeed, there was an "actual person from whom that identity was stolen."

5

terms are used in 18 U.S.C. § 1028A(a)(1) and requires a finding that the defendant knew that the identification in question belonged to another actual person at the time she committed the offense in order to establish the requisite *mens rea* under the statute."); United States v. Salazar-Montero, 520 F. Supp. 2d 1079 (N.D. Iowa 2007). Thus, petitioner cannot rely on the change in substantive law to excuse her failure to raise the claim.

Even in the absence of these federal cases, petitioner's claim is not "so novel" that its legal basis was not reasonably available to counsel at the time of her plea; it is a simple argument of statutory construction. The statute for aggravated identity theft reads, in essence, "[w]however…knowingly…uses, without lawful authority, a means of identification of another person shall…be sentenced to a term of imprisonment of two years." 18 U.S.C. § 1028A(a)(1). Asserting that the word "knowingly" modifies both the verb and the prepositional phrase "of another person," is hardly a novel theory of statutory interpretation. See United States v. Villanueva-Sotelo, 515 F.3d 1234, 1240-41 (D.C. Cir. 2008) (noting that the issue of whether the *mens rea* of "knowledge" applies to all elements of a crime has been litigated in a variety of contexts).

In any event, had the Supreme Court decided Flores-Figueroa prior to petitioner's plea, it *still* would not have made a difference. See Zhang, F.3d at 168 (to demonstrate prejudice petitioner must show that "there [was] a reasonable probability that, but for the error [s]he would not have entered the plea."). The record before the Court at the time of petitioner's sentencing suggests that the reason petitioner failed to raise the *mens rea* argument was not for lack of supportable case law, but rather because she had already admitted, at the time of her arrest, that she was aware that the identity "Mary Frances Pimble" belonged to another person. Indeed, the government advocated for the Court to apply a sentence within the guidelines range based on the

fact that "[i]n this particular case, there was an actual person from whom that identity was stolen." Defendant did not dispute the underlying facts supporting this argument nor did they lodge any objections to the PSR which included petitioner's admission to knowing a "Mary Frances Pimble."

   2. *Actual Innocence*

Based largely on the foregoing facts, petitioner cannot demonstrate that she is actually innocent of the offense of conviction. Her bare assertion that "I never had knowledge of it being an actual person and did not know the individual at all" provides little help. A § 2255 petition must be based on more than "airy generalities" and "conclusory assertions" to survive. United States v. Aiello, 814 F.2d 109, 113-14 (2d Cir. 1987); see also Rolle v. West, No. 05 Civ. 51, 2008 WL 3887662, at *18 (E.D.N.Y. 2008) ("[a] federal habeas petition may be dismissed if it contains only vague or conclusory allegations."). And an actual innocence claim, particularly where there is contrary record evidence, must be supported "with new reliable evidence." Doe v. Menefee, 391 F.3d 147, 161 (2d Cir. 2004); see Taylor v. Pool, 07-CV-6318, 2009 WL 2634724, at *18 (S.D.N.Y. Aug. 27, 2009) (petitioner's own views as to what inferences should have been drawn by the jury and what actually occurred insufficient to constitute a showing of "actual innocence"). Petitioner has provided no such "new reliable evidence" and her assertions are plainly insufficient to support a finding of "actual innocence." Having failed to demonstrate "cause and prejudice" or "actual innocence," her claims are procedurally defaulted.

## CONCLUSION

The application for habeas corpus relief is denied, and the petition is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       July 7, 2010